Davis, C. J.
This is a proceeding in quo warranto to oust each of the plaintiffs in error from the office of director of the Coal Run special school district in Waterford township, Washington county, and to require them to show hy what right, if any, they claim to exercise the powers and authority of such office. In the petition it is averred that the Coal Run special school district was created by an act of the general assembly entitled, “An act to establish a special school district in Waterford township, Washington county, Ohio” (94 O. L., 630), and that said act violates section 26 of article 2 of the Constitution.
The respondents admit in their answer that under the ruling of this court in State ex rel. v. Spellmire et al., 67 Ohio St., 77, the act creating the Coal Run special school district is unconstitutional.; but they aver that by virtue of an act of the general assembly entitled, “An act to provide for the organization of the common schools of the state of Ohio, and to amend, repeal and supplement certain sections of the Revised Statutes and laws of Ohio herein named,” passed April 25, 1904 (97 O. L., 334), and especially by virtue of Revised Statutes, sections 3891 and 3928, as amended by said act, the Coal Run special school district is made a valid special school district; and that the respondents are the duly elected, qualified and acting directors of the same.
The circuit court sustained a demurrer to the answer and rendered a judgment of ouster against the respondents. This proceeding in error is prosecuted in this court to reverse the judgment of the circuit court.
The two sections of the school code of 1904, upon which the respondents rest their claim,, are as follows :
*56 “Sec. 3891. Any school district, now existing, other than a city, village or township school district, and any school district organized under the provisions of chapter 5 of this title, shall constitute a special school district.
“Sec. 3928.” (After first making provision for creation of special school districts by probate judge.) “Nothing herein contained shall be so construed as to abolish any special school district now existing, but all such districts, whether created under the provisions of a general or special act, including the territory now constituting such special district shall, unless changed under the provisions of this chapter, continue to be and remain and be recognized and regarded as legal special school districts, excepting, however, such special school districts which do now or may hereafter include within their boundaries an incorporated city or village, and in such cases such special districts shall become a city or village school district with or without territory attached or detached, as the case may be. And all officers and members of boards of education of existing special school districts heretofore created, whether by special or general act, shall continue to hold and exercise their respective offices and the powers thereof until their successors are elected and qualified as provided herein; provided that all such officers of such districts created by special act shall hold such offices only until the first Monday of January following the first election for school officers to be held after the passage of this act, at which election their successors shall be elected.”.
It seems.to be true, as claimed by the counsel for the defendants in error, that these sections of the act of April 25, 1904, which repeal and amend *57 Revised Statutes, sections 3891 and 3928, do not affect this action, which was pending at and before their enactment: Revised Statutes, section 79. But since the original section 3891 contains the provision that, “Any school district now existing, other than, etc., * * * which has been established by a vote of the people in accordance, with any act of the general assembly, or which has been established by a general or local act of the general assembly, shall constitute- a school district to he styled a special school district, ’ ’ the question still remains as to the constitutional power of the general assembly to so legislate. This question underlies not only sections 3891 and 3928 as they now exist, hut the original section 3891 also.
The contention made on behalf of the plaintiffs in error is, that the legislation in these sections of the revised statutes is general in itfe nature and uniform in its operation throughout the state; and that it re-creates and re-establishes as legal and unquestionable special school districts, such special school dis-.' triets as are confessedly illegal if these sections doj not so operate.
The power of the legislature to validate any void or ineffectual act is limited to such acts as it might have originally performed or authorized. It therefore cannot, under the mere form and pretense of general legislation, make valid any special legislation which it had enacted in violation of the constitution. If this could he permitted we would at once he hack to the point from which we started when this court declared that special legislation in regard to municipal corporations would not he recognized as constitutional although it were clothed in a plausible appearance of general legislation. The general as *58 sembly bas created special school districts by special laws, as in this ease, definitely locating them and defining the boundaries thereof. We need- not repeat the reasons which we gave in State ex rel. v. Spellmire et al., 67 Ohio St., 77, for declaring such acts to be in violation of the constitution. It is sufficient to say that we adhere to the ruling made in that case; and that the sections of the statutes now under consideration do not stop short of being a mandate to all of the courts that “all such districts, whether created under the provisions of a general or special act, including the territory now constituting such special district, shall * * * continue to be and remain and be recognized, and regarded .as legal special school districts, ’ ’ etc. This we regard as wholly beyond the power conferred upon the general assembly by the constitution. The power conferred upon the general assembly is legislative power, and that body is expressly prohibited from exercising any judicial power which is not expressly conferred by the constitution. Article 2, section 32.
At this time,.the limits of the power invested in the respective co-ordinate branches of the government is so well defined and so generally understood, that we are constrained to believe that, whatever may have been the thought of the persons who drafted them, the enactment of these sections was an inadvertence on the- part of the general assembly; for it is well settled that the legislature cannot annul, reverse or modify a judgment of a court already rendered, nor require the courts to treat as valid laws those which are unconstitutional. If this could • be permitted the whole power of ■ the government would at once become absorbed and taken into itself by the legislature.
*59 It does not appear from the record in this case that any contractual obligation is involved, and therefore Lewis v. Symmes, 61 Ohio St., 471, cited by the plaintiffs in error, does not apply.
We are therefore of the opinion that the original section 3891 and the amended sections 3891 and 3928, of the Revised Statutes, are ineffectual and void so far as they would make legal and valid special school- districts of those special school districts which had been created under or by special statutes.
The judgment of the circuit court is

Affirmed.

Shauck, Price, Grew, Summers and Spear, JJ., concur.